UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD MOUSCARDY,
Plaintiff(s),

v.

WARDEN, E. RICKARD,
Defendant(s).

25 Civ. 4966 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Petitioner Reginald Mouscardy ("Petitioner" or "Mr. Mouscardy") is currently incarcerated in the Federal Correctional Facility located in Otisville, New York ("FCI Otisville"). In 2011, Mr. Mouscardy was convicted of a felony for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to a 20-year term of imprisonment with five years of supervised release in the U.S. District Court for the District of Massachusetts.[1] On June 10, 2025, Mr. Mouscardy filed a Petition for writ of habeas corpus.[2] On December 3, 2025, Respondent filed a response opposing the Petition.[3] Mr. Mouscardy filed his reply on February 24, 2026.[4]

The thrust of Mr. Mouscardy's Petition is that the Federal Bureau of Prisons ("BOP") incorrectly classified his conviction as a "Crime of Violence," which improperly inflated his recidivism risk score and denied him the opportunity to receive time credits under the First Step

---

[1] *See* Walker Decl. ¶ 5, ECF No. 16; Petition for a Writ of Habeas Corpus ("Petition") at 1, ECF No. 1. The Court refers to the ECF paginations for the Petition. All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] *See generally* Petition.

[3] Resp't Mem. Law Opp'n ("Resp't Opp'n"), ECF No.15.

[4] Pet'r's Reply Resp't's Opp'n ("Pet'r's Reply"), ECF No. 19. The Court refers to the ECF paginations for Pet'r's Reply.

Act ("FSA") and to secure an early release date.[5] Mr. Mouscardy requests that the Court order Respondent to recalculate his risk score without the "crime of violence" classification.

As explained below, even if Mr. Mouscardy were correct on the substance of his argument, he would not be entitled to an earlier release. Accordingly, the Petition is **DENIED** for lack of jurisdiction.

**BACKGROUND**

Under the FSA, people who are incarcerated in federal prisons are eligible for incentives and rewards—including Earned Time Credits ("ETC") that can be applied toward early release—for participating in evidence-based recidivism reduction programs and productive activities.[6] Not everyone can apply ETC toward early release, however. Under the law, the Attorney General is tasked with creating a "risks and needs system" to measure the risk of recidivism for people in BOP custody,[7] and the risk level assigned to a person greatly impacts their eligibility for early release.[8]

The risk assessment tool currently used by the BOP generates a numbered score which is used to classify people as "minimum," "low," "medium," or "high" risk.[9] Generally, early release from prison is available only to people who have maintained a minimum or low risk throughout their time of imprisonment,[10] and who have been recently assessed as having a minimum or low

---

[5] Pet'r's Reply at 3.

[6] 18 U.S.C. § 3632(d)(4)(A).

[7] *Id.* § 3632(a)(1).

[8] *Id.* § 3624(g)(1).

[9] Resp't Opp'n at 7.

[10] 18 U.S.C. § 3624(g)(1)(B). People who have demonstrated a reduction in their recidivism risk scores are also eligible.

risk of recidivism.[11] People who are "medium" or "high" risk may secure early release only upon approval from the warden of prisons.[12] Thus, an assessment of "medium" or "high" risk substantially impacts a person's ability to be released from prison early.

One factor considered by the BOP's risk assessment tool is the nature of the underlying conviction.[13] Convictions for violent offenses, including offenses involving firearms under 18 U.S.C. § 922 (under which Mr. Mouscardy is convicted), are assigned more points than non-violent offenses.[14] As such, in his August 2025 assessment, Mr. Mouscardy received a score that assessed him as "high risk," barring him from automatically applying his ETC to his sentence. Accordingly, the BOP currently projects that Mr. Mouscardy will be released on June 3, 2029.[15]

**LEGAL STANDARD**

Habeas corpus relief under 28 U.S.C. § 2241 is available for people who are incarcerated in federal prison and who are "in custody in violation of the Constitution or laws or treaties of the United States."[16] A writ of habeas corpus under § 2241 is available for a petitioner to challenge the execution of his sentence after conviction, such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions," rather than the legality of his sentence.[17] "[I]t is the petitioner

---

[11] *Id.* at §§ 3624(g)(1)(D)(i)(I), (ii).

[12] Resp't Opp'n, at 6; *see also* 18 U.S.C. § 3624(g)(1)(D)(i)(II).

[13] Walker Decl. ¶ 8.

[14] *Male PATTERN Risk Scoring*, Fed. Bureau of Prisons, https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf?v=1.3.

[15] *See* Walker Decl. Ex. 1; Pet'r's Reply at 3.

[16] 28 U.S.C. § 2241(c)(3).

[17] *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (finding an inmate's challenge to loss of good time credits was properly brought under § 2241); *see also Rosales v. Petrucci*, No. 20 Civ. 2136. 2021

who bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."[18]

As Mr. Mouscardy is a *pro se* and incarcerated litigant, the Court examines his submissions with "special solicitude"[19] "and . . . interpret[s] them to raise the strongest arguments that they suggest."[20] "Nevertheless, 'threadbare recitals' and 'mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the [petitioner] has not pleaded."[21]

**DISCUSSION**

"Habeas corpus is an attack by a person in custody upon the legality of that custody."[22] Thus, when someone in custody "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[23] It follows that when a person is *not* challenging the validity or length of detention, habeas corpus

---

WL 5449701, at *3 (S.D.N.Y. Nov. 22, 2021) (discussing whether an inmate's challenge of wrongful risk level assessment and loss of earned time credit was properly brought under § 2241).

[18] *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

[19] *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

[20] *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

[21] *Rosales*, 2015 WL 5449701, at *3 (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

[22] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

[23] *Id.* at 500.

is not the proper remedy.[24] Accordingly, to determine whether a federal court has jurisdiction to consider a petition for writ of habeas corpus, courts look to the relief that is sought.[25]

Here, Mr. Mouscardy argues that he is entitled to early release because the BOP improperly calculated his risk assessment score when it considered his § 922(g) conviction to be for a "violent" crime. But based on the undisputed facts, even if Mr. Mouscardy's conviction were reclassified as non-violent, he would still be assigned a "medium" level of risk of recidivism and would be unable to automatically apply his ETC. The risk assessment assigns five points to a person's "general score" and seven points to a person's "violent score" if they have a violent conviction.[26] According to the BOP's "cut points" for determining risk, a "general score" of 40-54 points is considered "medium risk," and a "general score" of 55 or more points is considered "high risk."[27] Likewise, a "violent score" of 25-31 points is considered "medium risk" and a "violent score" of 32 or more is considered "high risk."[28] On his August 2025 assessment, Mr. Mouscardy had a "general score" of 49 and a "violent score" of 36.[29] Without the points assigned based on his conviction, Mr. Mouscardy would have had a general risk assessment score of 44 and a violent risk assessment score of 29, placing him in the "medium risk" category for both his general and violent scores. This means that, even if his risk assessment scores were re-calculated as he

---

[24] *Abdul-Hakeem v. Koehler*, 910 F.2d 66, 69 (2d Cir. 1990) ("[H]abeas is the required procedure only if the prisoner makes a constitutional challenge to the very fact or duration of his physical imprisonment and seeks immediate release or a speedier release from that imprisonment."); *see also Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).

[25] *Fraser v. Humphrey*, No. 25 Civ. 226, 2026 WL 663784, at *2 (E.D. Ark. Feb. 12, 2026), *report and recommendation adopted*, No. 25 Civ. 226, 2026 WL 662307 (E.D. Ark. Mar. 9, 2026)

[26] Walker Decl. ¶ 8.

[27] *Id.* at ¶ 9; *see also Cut Points Used for PATTERN v. 1.3* ("*Cut Points*"), Fed. Bureau of Prisons, https://www.bop.gov/inmates/fsa/docs/fsa_cut_points.pdf?v=1.3.

[28] Walker Decl. ¶ 9; *see also Cut Points*.

[29] Walker Decl. ¶ 11.

requests, Mr. Mouscardy would remain classified as medium risk and would remain unable to apply his ETC, and thus remain ineligible for an earlier release.

Accordingly, even if Mr. Mouscardy was successful on the merits of his request, the resulting relief would not "necessarily spell speedier release" and therefore does not "lie[] at the core of habeas corpus."[30]

**CONCLUSION**

In light of the foregoing reasons, Mr. Mouscardy's Petition for a Writ of Habeas Corpus is **DENIED**.

The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated: July 7, 2026

New York, New York

DALE E. HO
United States District Judge

[30] *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).